# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 23-435 |
| Plaintiff-Appellee, | D.C. No. 8:20-CR-00171-JVS (Central Dist. Cal.) |
| v. | |
| JESUS RAMIRO GOMEZ, | **GOVERNMENT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING EN BANC; DECLARATION OF ALEXANDER P. ROBBINS** |
| Defendant-Appellant. | |

Plaintiff-Appellee United States of America, by and through its counsel of record, hereby moves this Court for an extension of the time within which the government must file its petition for rehearing and/or rehearing en banc in the above-captioned matter. Any petition is currently due on September 18, 2024. The government requests a 30-day extension of time, up to and including October 18, 2024. Defendant does not oppose this request.

The motion is made pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and Ninth Circuit Rule 31-2.2(b) and is based on

the files and records in this case and the attached declaration of Alexander P. Robbins.

Defendant is in custody serving the sentence imposed in this case.

No court reporter is in default with regard to any designated transcript.

| | |
|---|---|
| DATED: September 9, 2024 | Respectfully submitted, |
| | E. MARTIN ESTRADA<br>United States Attorney |
| | MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | /s/ *Alexander P. Robbins* |
| | ALEXANDER P. ROBBINS<br>Assistant United States Attorney<br>Deputy Chief, Criminal Appeals Section |
| | Attorneys for Plaintiff-Appellee<br>UNITED STATES OF AMERICA |

# DECLARATION OF ALEXANDER P. ROBBINS

I, Alexander P. Robbins, hereby declare and state as follows:

1.  I am an Assistant United States Attorney in the Central District of California and Deputy Chief of my office's Criminal Appeals Section.

2.  On September 4, 2024, a three-judge panel of this Court issued a published opinion holding that convictions under California Penal Code § 245(a)(1) do not qualify as crimes of violence and therefore cannot serve as the predicates for the career-offender enhancement under the Sentencing Guidelines.

3.  The government has not previously sought any extension of its deadline for filing a petition for rehearing and/or rehearing en banc, which is currently due within 14 days of the decision, i.e., by September 18, 2024. *See* Fed. R. App. P. 35(c), 40(a)(1).

4.  Although government counsel have exercised diligence with respect to this appeal and will continue to do so, we do not anticipate being able to complete any petition within the 14 days provided as the default time limit under the rules, and we anticipate needing an additional 30 days.

2

5. Before any petition can be filed, the government must first make a determination whether to file a petition at all—and, if so, whether to file a petition for panel rehearing only or for rehearing en banc, and what issue or issues should be presented in such a petition. This process requires extensive consultation within the United States Attorney's Office, as well as with the Criminal Division of the Department of Justice in Washington, D.C., and with the Office of the Solicitor General. Ultimately, the Solicitor General herself must make the final determination whether to seek rehearing en banc. *See* 28 C.F.R. § 0.20(b). This process takes time.

6. On September 5, 2024, I conferred with counsel for defendant, Todd Burns, who stated that he has no objection to the requested 30-day extension.

//

//

7.    Defendant is in custody serving the sentence imposed in this case. No court reporter is in default with regard to any designated transcript.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 9th day of September, in Los Angeles, California.

*s/ Alexander P. Robbins*
Assistant United States Attorney