# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 23-435 |
| Plaintiff-Appellee, | D.C. No. 8:20-CR-00171-JVS (Central Dist. Cal.) |
| v. | |
| JESUS RAMIRO GOMEZ, | **GOVERNMENT'S UNOPPOSED MOTION FOR SECOND EXTENSION OF TIME TO FILE PETITION FOR REHEARING EN BANC; DECLARATION OF ALEXANDER P. ROBBINS** |
| Defendant-Appellant. | |

Plaintiff-Appellee United States of America, by and through its counsel of record, hereby moves this Court for an extension of the time within which the government must file its petition for rehearing and/or rehearing en banc in the above-captioned matter. Any petition is currently due on October 18, 2024. The government requests an additional 30-day extension of time, up to and including **November 18, 2024**. (November 17 is a Sunday.) Defendant does not oppose this request.

The motion is made pursuant to Federal Rules of Appellate Procedure 26(b), 27, 35(c), and 40(a)(1), and is based on the files and

records in this case and the attached declaration of Alexander P. Robbins.

Defendant is in custody serving the sentence imposed in this case.

No court reporter is in default with regard to any designated transcript.

| | |
|---|---|
| DATED: October 10, 2024 | Respectfully submitted,<br><br>E. MARTIN ESTRADA<br>United States Attorney<br><br>MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division<br><br>/s/ *Alexander P. Robbins*<br><br>ALEXANDER P. ROBBINS<br>Assistant United States Attorney<br>Deputy Chief, Criminal Appeals Section<br><br>Attorneys for Plaintiff-Appellee<br>UNITED STATES OF AMERICA |

# DECLARATION OF ALEXANDER P. ROBBINS

I, Alexander P. Robbins, hereby declare and state as follows:

1.I am an Assistant United States Attorney in the Central District of California and Deputy Chief of my office's Criminal Appeals Section.

2.On September 4, 2024, a three-judge panel of this Court issued a published opinion holding that convictions under California Penal Code § 245(a)(1) do not qualify as crimes of violence and therefore cannot serve as the predicates for the career-offender enhancement under the Sentencing Guidelines.

3.A petition for rehearing and/or rehearing en banc was originally due within 14 days of the decision, i.e., by September 18, 2024.  *See* Fed. R. App. P. 35(c), 40(a)(1).

4.On September 6, the government sought an unopposed 30-day extension of that deadline to October 18, 2024.

5.Although government counsel have exercised diligence with respect to this appeal and will continue to do so, we do not anticipate being able to complete any petition by October 18, and we anticipate needing an additional 30 days.

6. Before any petition can be filed, the government must first make a determination whether to file a petition at all—and, if so, whether to file a petition for panel rehearing only or for rehearing en banc, and what issue or issues should be presented in such a petition. This process requires extensive consultation within the United States Attorney's Office, as well as with the Criminal Division of the Department of Justice in Washington, D.C., and with the Office of the Solicitor General. Ultimately, the Solicitor General herself must make the final determination whether to seek rehearing en banc. *See* 28 C.F.R. § 0.20(b). This process takes time—and in this case, it will take us beyond the current October 18 due date.

7. On October 4, 2024, I conferred with counsel for defendant, Todd Burns, who stated that he has no objection to an additional 30-day extension.

//

//

8. Defendant is in custody serving the sentence imposed in this case. No court reporter is in default with regard to any designated transcript.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 10th day of October, in Los Angeles, California.

*s/ Alexander P. Robbins*
Assistant United States Attorney