No. 23-435

_____

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS RAMIRO GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Central District of California
Honorable James V. Selna, Judge Presiding

_____

APPELLANT'S RESPONSE IN OPPOSITION
TO PETITION FOR REHEARING *EN BANC*

_____

TODD W. BURNS
Burns & Cohan, Attorneys at Law
501 West Broadway, Suite 1510
San Diego, California  92101
(619) 236-0244
todd@burnsandcohan.com

Counsel for Jesus Ramiro Gomez

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

THIS CASE IS A POOR VEHICLE FOR RE-VISITING THE PURE-
QUESTION-OF-LAW TEST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

     I.    Because §245(a)(1) Doesn't Require A Defendant Be Aware Of
        Even A Risk That Force Will Be Applied, It Isn't A Crime Of
        Violence Under The Federal Elements Clause . . . . . . . . . . . . . . . . .  4

     II.   The Panel Correctly Held That This Court's Pre-*Borden* Cases
        Holding §245(a)(1) Is A Crime Of Violence Are Clearly
        Irreconcilable With *Borden* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

     III.  This Case Is A Poor Vehicle For Revisiting The Pure-Question-
        Of-Law Test . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

APPLICATION OF THE PURE-QUESTION-OF-LAW TEST TO
GUIDELINES-ERROR IS SUPPORTED BY SUPREME COURT
AND OTHER CIRCUITS' CASE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

     I.    The Government's Claim That The Panel Was Required To
        Strictly Apply *Olano's* Test For Trial Error Is Belied By Case
        Law Holding That The Plain-Error Rule Is Applied Less
        Stringently In The Guidelines Context . . . . . . . . . . . . . . . . . . . . . . .  13

     II.   In The Guidelines Context, There Is No Tension Between
        *Olano's* Test And This Court's Pure-Question-Of-Law Test . . . . .  16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

RULE 11 CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . .  19

i

# TABLE OF AUTHORITIES

*Page*

**FEDERAL CASES**

*Borden v. United States,*
    593 U.S. 420 (2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Fernandez-Ruiz v. Gonzales,*
    466 F.3d 1121 (9th Cir. 2006) (*en banc*) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Henderson v. United States,*
    568 U.S. 266 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*Miller v. Gammie,*
    335 F.3d 889 (9th Cir. 2003) (*en banc*) . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Molina-Martinez v. United States,*
    578 U.S. 189 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13, 14, 17

*Rosales-Mireles v. United States,*
    585 U.S. 129 (2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13, 14, 17

*Tekoh v. Cnty. of Los Angeles,*
    997 F.3d 1260 (9th Cir. 2021) (*en banc*) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Turner v. United States,*
    885 F.3d 949 (6th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Baker,*
    807 F.2d 1315 (6th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Begay,*
    33 F.4th 1081 (9th Cir. 2022) (*en banc*) . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

*United States v. Castillo,*
    69 F.4th 648 (9th Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10, 17

*United States v. Garcia-Lopez*,
903 F.3d 887 (9th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Gamez*,
577 F.3d 394 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Gomez*,
115 F.4th 987 (9th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 12

*United States v. Haverkamp*,
958 F.3d 145 (2d Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Linehan*,
56 F.4th 693 (9th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Man*,
2022 WL 17260489 (9th Cir. 2022) (unpublished) . . . . . . . . . . . . . 11, 12

*United States v. Matta*,
777 F.3d 116 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Morton*,
2022 WL 17076203 (2022) (unpublished) . . . . . . . . . . . . . . . . . . . . 11, 12

*United States v. Olano*,
507 U.S. 725 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Orelien*,
119 F.4th 217 (2d Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Sheffey*,
818 Fed. App'x 513 (6th Cir. 2020) (unpublished) . . . . . . . . . . . . . . . . 15

*United States v. Vasquez-Gonzalez*,
901 F.3d 1060 (9th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Velazquez*,
1 F.4th 1132 (9th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

iii

*United States v. Wernick*,
    691 F.3d 108 (2$^d$ Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13, 14, 15

*United States v. Williams*,
    399 F.3d 450 (2$^d$ Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13, 17

*United States v. Zhou*,
    838 F.3d 1007 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16


**STATE CASES**

*People v. Williams*,
    26 Cal. 4th 779 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*


**FEDERAL RULES**

Fed. R. Crim. P. 52(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12, 17, 18


**STATE STATUTES**

California Penal Code §245(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Model Penal Code §2.02(2)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 6, 7


**ADVISORY GUIDELINES**

Sentencing Guidelines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

iv

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-435 |
| Plaintiff-Appellee, | D.C. No. 8:20-cr-0171-JVS-FWS-5 |
| | Central District of California, |
| v. | Santa Ana |
| JESUS RAMIRO GOMEZ, | |
| Defendant-Appellant. | |

## INTRODUCTION

The panel correctly held that the district court erroneously applied the Sentencing Guidelines career-offender enhancement because assault under California Penal Code §245(a)(1) is not categorically a crime of violence under the federal "elements clause," and this Court's prior case law to the contrary is clearly irreconcilable with *Borden v. United States*, 593 U.S. 420 (2021). The government doesn't ask the Court to grant rehearing on that holding.

Instead, the government seeks *en banc* rehearing on the panel's decision to apply *de novo* review because the crime-of-violence question is purely legal, and the government was not prejudiced by Gomez's failure to object at sentencing. The government claims the pure-question-of-law test is contrary to Supreme Court case law which, the government says, required the panel to apply the "stringent

requirements" of the plain-error test for trial-error established in *United States v. Olano*, 507 U.S. 725 (1993). *See* Petition for Rehearing (Pet.) 6, 10.

That is wrong. In the Guidelines context, Supreme Court precedent – *Rosales-Mireles v. United States*, 585 U.S. 129 (2018), and *Molina-Martinez v. United States*, 578 U.S. 189 (2016) – and case law from other circuits calls for less-stringent review of forfeited Guidelines-error than is applied to forfeited trial-error. The pure-question-of-law test is consistent with that case law and has a near-twin in the Sixth Circuit. It is not, therefore, the outlier the government claims. *See Tekoh v. Cnty. of Los Angeles*, 997 F.3d 1260, 1263 (9th Cir. 2021) (Miller, J., concurring in the denial of rehearing *en banc*) (noting that a lack of a circuit-split counsels against ordering *en banc* rehearing). Furthermore, in the Guidelines context there is no tension between *Olano's* test and the pure-question-of-law test, because they yield the same result.

Relatedly, this case is not a good vehicle for granting *en banc* review because even if the panel had not applied the pure-question-of-law test, the result – vacating Gomez's sentence – would have been the same. Gomez addresses that point first.

## THIS CASE IS A POOR VEHICLE FOR RE-VISITING
## THE PURE-QUESTION-OF-LAW TEST

The panel correctly concluded: (1) assault under §245(a)(1) is not categorically a crime of violence under the federal elements clause; and (2) this

Court's pre-*Borden* case law to the contrary is "clearly irreconcilable" with *Borden*. In concluding the latter, the panel necessarily found the error involved was "plain," which is synonymous with "clear." And because the government doesn't claim Gomez cannot meet the third and fourth prongs of *Olano's* test – it instead takes aim at the second prong – it is evident that even if the panel had applied *Olano's* test, rather than the pure-question-of-law test, the outcome would have been the same.

That conclusion is also compelled by *United States v. Castillo*, 69 F.4th 648 (9th Cir. 2023). Similar to this case, after a lengthy analysis the Court in *Castillo* concluded: (1) the district court erred when it applied a Guidelines commentary provision that expanded the definition of a "controlled substance offense;" and (2) this Court's prior case law to the contrary was "clearly irreconcilable" with subsequent Supreme Court case law. *See id.* at 653-63. The Court exercised its discretion to apply the pure-question-of-law test, but held the outcome would have been the same under *Olano's* test. *See id.* at 653. Thus, the Court necessarily concluded the error was "plain" under *Olano's* test, even though it did the same sort of complicated analysis to find error that the panel did in this case. This belies the government's claim that if determining that there is error involves a complicated analysis, the error cannot be considered "plain."

The points summarized above, and addressed in more detail below, make clear that the outcome of this case would have been the same if the panel had applied

*Olano's* test.  Thus, this case is a poor vehicle for *en banc* review of the pure-question-of-law test.  *See United States v. Velazquez*, 1 F.4th 1132, 1137 (9th Cir. 2021) ("we are not prompted to call for our court to revisit the issue *en banc* because we reach the same conclusion under either standard of review") (cleaned up).

## I.     Because §245(a)(1) Doesn't Require A Defendant Be Aware Of Even A Risk That Force Will Be Applied, It Isn't A Crime Of Violence Under The Federal Elements Clause

As explained below, the panel correctly held that because §245(a)(1) doesn't require a defendant be aware of even a risk that force will be applied to another, it isn't a crime of violence under the federal elements clause, which requires a defendant be aware, at a minimum, that there is a high degree of risk that force will be applied to another.

The key case with respect to §245(a)(1) is *People v. Williams*, 26 Cal. 4th 779 (2001).  There, the California Supreme Court addressed the prosecution's burden to show a defendant had "actual knowledge of the facts sufficient to establish that [his] act by its nature will probably and directly result in injury to another."  *Id.* at 784. Under that standard, a defendant "may not be convicted based on facts he did not know but should have known.  He, however, *need not be subjectively aware of the risk that a battery might occur*."  *Id.* at 787-88 (emphasis added).  Indeed, "a defendant who *honestly believes that his act was not likely to result in a battery is still guilty of assault* if a reasonable person, viewing the facts known to defendant,

4

would find that the act would directly, naturally and probably result in a battery." *Id.* at 788 n.3 (emphasis added).

In short, to convict under §245(a)(1) the prosecution must show the defendant had knowledge of the surrounding facts but need not show the defendant had any intent to use force against another, or even knew there was a risk that force would be applied to another.

The federal elements clause, on the other hand, requires a defendant be aware of a risk that force will be applied to another. In *Borden*, the Supreme Court held that an offense doesn't qualify under the elements clause "if it requires only a *mens rea* of recklessness." 593 U.S. at 434. Instead "[t]he 'against' phrase" in the elements clause "sets out a *mens rea* . . . of purposeful or knowing conduct," as defined in the Model Penal Code. *Id.*; *see also id.* at 438. That means to qualify as a crime of violence under the elements clause an offense must require showing the defendant was "practically certain" force would be applied to another. *See id.* at 426.

*Borden* left open whether "mental states (often called 'depraved heart' or 'extreme recklessness') between recklessness and knowledge" "fall within the elements clause." *See id.* at 429 n.4. This Court took up that issue in *United States v. Begay* 33 F.4th 1081, 1093 (9th Cir. 2022) (*en banc*), and held that "depraved heart" recklessness, which requires showing the defendant was "aware" of a "very high degree of risk" that force would be applied to another, is a categorical match to the

5

elements clause. That *mens rea* is, however, the absolute floor for the elements clause.[1] *See United States v. Linehan*, 56 F.4th 693, 705 (9th Cir. 2022).

Comparing *Williams* with *Borden* and *Begay*, it is plain that §245(a)(1) is not categorically encompassed within the elements clause because: (1) the elements clause requires showing the defendant was "aware" there was a "very high degree of risk" (*Begay*) or "practical certainty" (*Borden*) force would be applied; but (2) *Williams* says §245(a)(1) doesn't require showing the defendant was aware of any such risk.

With respect to *Williams's* holding that a defendant need not have been aware of even a risk that force would be applied to another, the government says that merely marks the "distinction between knowledge and purpose." Pet. 18. That is flatly wrong. Awareness of risk that force will be applied to another marks *Borden's* line between recklessness and negligence, not between knowledge and purpose. 593 U.S. at 427. More important, *Borden* makes clear that "[a] person acts recklessly . . . when he 'consciously disregards a substantial and unjustifiable risk" that force will be applied to another. *Id.* (quoting Model Penal Code §2.02(2)(c)). It is clear that §245(a)(1) is not a categorical match because it doesn't require a defendant be aware of *any* such risk.

---

[1] In *Begay*, however, the government claimed there is no meaningful difference between depraved heart recklessness and knowledge under the Model Penal Code. *See* No. 14-10080, Gov't Supp. Brief at 1, 8-14 (Docket #131).

In addition to misunderstanding the *mens rea* definitions in *Borden*, the government erroneously claims *Borden* did no more than affirm this Court's holding in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (*en banc*), that for an offense to qualify under the elements clause, it must require a *mens rea* greater than recklessness. Thus, the government says, *Borden* had no impact on this Court's *pre-Borden* case law holding §245(a)(1) is a categorical match to the elements clause. *See* Pet. 5-6, 13-15.

The government gives *Borden* short shrift. But even if all *Borden* held was that recklessness isn't enough to qualify under the elements clause, it also made clear that it meant recklessness as defined in the Model Penal Code. And, as already explained, the panel correctly held that isn't a categorical match to §245(a)(1). *See United States v. Gomez*, 115 F.4th 987, 994, 997 (9th Cir. 2024).

## II.    The Panel Correctly Held That This Court's Pre-*Borden* Cases Holding §245(a)(1) Is A Crime Of Violence Are Clearly Irreconcilable With *Borden*

The panel also correctly held that this Court's pre-*Borden* cases holding §245(a)(1) is categorically a crime of violence "did not use a definition of recklessness consistent with *Borden*," thus they are "clearly irreconcilable" with *Borden*. *Id.* at 996-98 (citing *Miller v. Gammie*, 335 F.3d 889, 983 (9th Cir. 2003) (*en banc*)).

This Court's key pre-*Borden* is *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1066 (9th Cir. 2018), which "revisit[ed]" this Court's prior cases addressing the issue presented here.  The *Vasquez-Gonzalez* panel concluded that this Court's prior holdings were still valid, but it didn't do an analysis based on the *mens rea* later described in *Borden*.  Instead, the *Vasquez-Gonzalez* panel rejected the defendant's argument that §245(a)(1) and the elements clause are not a categorical match because "§245(a)(1) can be satisfied by negligent, and therefore unintentional, conduct," and the elements clause requires more than negligence.  *Id.* at 1067.

The Court in *Vasquez-Gonzalez* also said "[t]he essential question is whether assault in California can be committed accidently or whether it requires an intentional use of force.  As defined in California, assault 'requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another.'" *Id.* at 1068 (citing *Williams*, 26 Cal. 4th at 788).  It is true that the court in *Williams* said the conduct involved must have been intentional, and that the defendant must have known about the surrounding facts.  But that doesn't address the key disconnect between assault under §245(a)(1), as explicated in *Williams*, and the elements clause, as explicated in *Borden* and *Begay*.  *Williams* is clear that §245(a)(1) doesn't require any showing with respect to the defendant's subjective awareness of a risk that force would be applied to another.  Yet *Borden* and *Begay* are clear that the elements clause

requires the defendant be "aware" that there was a "practical certainty" or a "very high degree of risk" that force would be applied.

None of this Court's other pre-*Borden* cases came any closer to applying *Borden's* definition of recklessness when they assessed whether §245(a)(1) is a crime of violence. Consequently, they "improperly categorize[d] §245(a)(1) as a crime of violence" and are clearly irreconcilable with *Borden*. *Gomez*, 115 F.4th at 998.

## III. This Case Is A Poor Vehicle For Revisiting The Pure-Question-Of-Law Test

With this backdrop, it is evident that this case is a poor vehicle for revisiting the pure-question-of-law test, because even if the panel hadn't applied that test, and had applied *Olano's* test, the result would have been the same.

As mentioned, the government focuses on the second-prong of *Olano's* test and says "this [case] is an appropriate vehicle" for granting *en banc* review because the error was not "plain," thus if the Court obviates the pure-question-of-law test it would be "compelled to affirm [Gomez's] sentence." Pet. 9-10. But the government fails to appreciate that: (1) in determining that there was error, the panel concluded this Court's prior case law was "clearly irreconcilable" with *Borden*; and (2) having done that, the panel effectively determined the error was "plain," which "is synonymous with clear." *Olano*, 507 U.S. at 734. There is no meaningful difference between the panel's "clearly irreconcilable" holding and concluding that the error is "clear." That

is, the clearly irreconcilable analysis "demonstrated" that "the first two prongs of the [plain-error] test [we]re met." *United States v. Garcia-Lopez*, 903 F.3d 887, 894 (9th Cir. 2018).

Furthermore, and relatedly, the government's argument is contrary to *Castillo.* As discussed above, in that case the Court undertook a complicated analysis – including under *Miller v. Gammie* – and found there was plain error. *See Castillo*, 69 F.4th at 653-63. The Court also said it was not worthwhile to dwell on whether to apply *Olano's* test versus the pure-question-of-law test because the outcome was the same either way. *See id.* at 653. The same holds true here, except the government asks the Court to dwell on the standard of review issue *en banc*.

The government doesn't address these fatal flaws in its argument. Instead, it makes two unconvincing claims.

First, it says the error can't be plain because it wasn't "so obvious" that the district judge should have noticed it. Pet. 10-11, 20-21. The premise of the government's argument was rejected, and related Ninth Circuit case law overruled, in *Henderson v. United States*, 568 U.S. 266, 277-79 (2013). There the Supreme Court held that even if "a legal question was . . . unsettled" during district court proceedings, *Olano's* second prong is met if the error is "plain" at the "time of appellate consideration."

Second, the government claims the error here cannot be considered "plain" because "numerous judges of this Court . . . have concluded, in [five] unpublished opinions post-*Borden*, that §245(a)(1) is still a crime of violence." Pet. 11 & n.2. Three of the cases cited by the government don't address §245(a)(1), much less its peculiar *mens rea*. That leaves *United States v. Man*, 2022 WL 17260489 (9th Cir. 2022) (unpublished), and *United States v. Morton*, 2022 WL 17076203 (2022) (unpublished), which were decided by the same panel and are essentially identical.

As with this Court's pre-*Borden* case law, the panel in *Man* and *Morton* failed to compare *Borden's* definition of recklessness with the *mens rea* described in *Williams*. Instead, the panel in *Man* and *Morton* addressed the defendants' argument that §245(a)(1) is not a crime of violence because it "requires only a *mens rea* of recklessness," and *Borden* stated that recklessness doesn't suffice under the elements clause. *Man*, 2022 WL 17260489, *1. The panel in *Man* and *Morton* rejected that argument because in *Williams* the California Supreme Court said a conviction under §245(a)(1) "requires a *mens rea* greater than recklessness." *Id.* (citing *Williams*, 26 Cal. 4th at 788). However, *Williams* also said that it was using "reckless" anachronistically, "as a synonym for criminal negligence, rather than its more modern conception as a subjective appreciation of the risk of harm to another." 26 Cal. 4th at 788 n.4. This makes clear, again, that the *mens rea* with respect to application of force under §245(a)(2) is not a categorical match with recklessness under the Model

11

Penal Code, as explicated in *Borden*.  Thus, the panel in this case correctly concluded that the simplistic, labels-based analysis in *Man* and *Morton* is not even persuasive. *See Gomez*, 115 F.4th at 996, 998 & n.7.

In sum, the error in this case was plain, and the government doesn't dispute that the third and fourth prongs of *Olano's* test are met.  Thus, even if the Court were to re-visit the pure-error-of-law test, the outcome in this case would be the same, which makes it a poor vehicle for *en banc* review.

### APPLICATION OF THE PURE-QUESTION-OF-LAW TEST TO GUIDELINES-ERROR IS SUPPORTED BY SUPREME COURT AND OTHER CIRCUITS' CASE LAW

The government claims the pure-question-of-law test is contrary to "Supreme Court precedent" and "the practice of other circuits," and that Federal Rule of Criminal Procedure 52(b) requires rigidly applying *Olano's* test.  Pet. 3, 6, 10.  But as the case law summarized below shows, *Olano's* test, which was crafted for trial error, is applied less stringently in the Guidelines context.  That case law also supports the conclusion that, in the Guidelines context, there is no tension between *Olano's* test and the pure-question-of-law test.  Thus, contrary to the government's claim, in the Guidelines context the pure-question-of-law test doesn't operate as an "exception" to Rule 52(b)'s plain-error rule, it merely allows a panel discretion to do a more streamlined analysis.

I.    **The Government's Claim That The Panel Was Required To Strictly Apply *Olano's* Test For Trial Error Is Belied By Case Law Holding That The Plain-Error Rule Is Applied Less Stringently In The Guidelines Context**

Case law from the Supreme Court and other circuits indicates that the plain-error rule should be applied less stringently in the Guidelines context, including when deciding if error is "plain."

In *Molina-Martinez*, 578 U.S. at 195-97, the Supreme Court addressed *Olano's* third prong in the Guidelines-error context, which requires a defendant show there is a reasonable probability that, but-for the error, the district court would have imposed a lower sentence. The Court held that Guidelines error "can, and most often will, be sufficient" to satisfy *Olano's* third prong. *Id.* at 198. The Court also indicated that the plain-error rule should be applied less-stringently in the Guidelines context because "a remand for resentencing, while not costless, does not invoke the same difficulties as a remand for retrial does." *Id.* at 204 (quoting *United States v. Wernick*, 691 F.3d 108, 117-118 (2ᵈ Cir. 2012)).

In *Rosales-Mireles*, 585 U.S. at 135-36, the Supreme Court held that "[i]n the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights" satisfies *Olano's* fourth prong. To support that holding, the Court again emphasized the "relative ease" and modest cost of "correcting [Guidelines] error." *Id.* at 140 (quoting *United States v. Williams*, 399 F.3d 450, 456 (2ᵈ Cir. 2005)). Consequently, the Court said its previous admonitions

13

that plain-error relief should be granted "sparingly" don't apply in the Guidelines-error context. *See id.* at 142-43.

As indicated, in *Molina-Martinez* and *Rosales-Mireles* the Supreme Court supported its analyses with Second Circuit opinions that hold plain-error review should be conducted less stringently in the sentencing-error context. In one of those cases, *Wernick*, the Second Circuit applied its less-stringent approach and found the district court plainly erred, even though determining that there was error required a detailed analysis of "intricate" Guidelines provisions. *See Wernick*, 691 F.3d at 113-17.

Similarly, in *United States v. Gamez*, 577 F.3d 394, 397-400 (2$^d$ Cir. 2009), the Second Circuit applied its "less stringent" approach and found the district court plainly erred even though the error in that case involved a complicated categorical analysis of whether an offense was a crime-of-violence under the Guidelines.

Likewise, in *United States v. Orelien*, 119 F.4th 217, 227-34 & n.17 (2$^d$ Cir. 2024), the court applied a "less-than-stringent plain-error standard" and remanded for the district court to address complicated Guidelines obstruction-of-justice issues.

There are several similar examples. *See, e.g., United States v. Haverkamp*, 958 F.3d 145, 148-10 (2$^d$ Cir. 2020) (applying "relaxed plain error review" to conclude a complicated special assessment error was plain); *United States v. Matta*, 777 F.3d 116, 121 (2$^d$ Cir. 2015) (applying "relaxed plain error review" to find error was plain

14

even though "there was no clear precedent"). In the government's view, the Second Circuit got it wrong every time.

In addition to ignoring the Supreme Court and Second Circuit cases discussed above, the government ignores the Sixth Circuit's pure-question-of-law test, which is nearly identical to this Court's. In *United States v. Sheffey*, 818 Fed. App'x 513 (6th Cir. 2020) (unpublished), that court applied its pure-question-of-law test in a closely analogous situation. There, the defendant claimed the district court erroneously applied the Guidelines "career offender enhancement" because it relied on a drug conviction that "is categorically overbroad." *Id.* at 514. The court recognized that it would be permissible to apply *Olano's* test but exercised its "discretion" to consider the issue *de novo* "because it was purely an issue of law that required no new factual determination and was fully briefed." *Id.* at 518 (citing *Turner v. United States*, 885 F.3d 949, 954 (6th Cir. 2018)); *see also United States v. Baker*, 807 F.2d 1315, 1321 (6th Cir. 1986).

It is evident that in the Guidelines-error context, the government is wrong when it claims that strict application of *Olano's* test is the only way a court may apply the plain-error rule. And considering that there is no tension between *Olano's* test and the pure-question-of-law test in the Guidelines context, there is nothing objectionable about this Court's exercising its discretion to apply the latter. That point is addressed next.

## II.  In The Guidelines Context, There Is No Tension Between *Olano's* Test And This Court's Pure-Question-Of-Law Test

The discussion below goes through *Olano's* four prongs and explains why, in the Guidelines context, the pure-question-of-law test doesn't yield a different result, if just streamlines the analysis.

The first prong of *Olano's* test requires there be error.  When assessing whether there is a purely legal Guidelines-error, a court will necessarily apply *de novo* review, under *Olano's* test or the pure-question-of-law test.  On the other hand, if the Guidelines error isn't purely legal, the Court won't apply its pure-question-of-law test.  *See United States v. Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016).

The second prong of *Olano's* test requires the error be "plain" or "clear."  That determination is made based on controlling law at the "time of appellate consideration," rather than at the time of the district court proceedings.  *Henderson*, 568 U.S. at 278-79.  As the Court explained in *Henderson*, focusing on the law at the time of appeal provides flexibility so courts can "identify those instances in which the application of a new rule of law to cases on appeal will meet the demands of fairness and judicial integrity," and thus warrant relief.  *Id.* at 279.  The "demands of fairness and judicial integrity" are shorthand for the third and fourth prongs of *Olano's* test.  Thus, if purely legal error is found, based on then-controlling law, relief should be granted if a defendant can establish *Olano's* third and fourth prongs.

16

The government nonetheless claims that if determining that there was purely-legal Guidelines-error is complicated, the error cannot be considered "plain," and relief must be denied on that basis alone.  Pet. 10-11.  That is refuted by *Castillo*, in which the Court found that *Olano's* plain-error test was satisfied even though determining that there was error involved a complicated analysis.  69 F.4th at 653-63.  The error in this case is at least as "plain" as the error in *Castillo*.

The government's argument is also contrary to the many Second Circuit cases discussed above that found plain error even though the analysis involved in determining there was error was complicated.

Finally, Rule 52(b) doesn't say relief should only be granted for uncomplicated errors, it says "plain" error.  And if an appellate court finds purely Guidelines-error, under then controlling law, there is no textual or practical reason relief should be denied because finding the error required a complicated analysis.  Indeed, as the Second Circuit said in *Williams*, "the Supreme Court has never applied the *Olano* formulation of the plain error doctrine to ignore a judge's sentencing error that affected substantial rights, nor required a court of appeals to do so."  399 F.3d at 454-57.  But that is the regime the government advocates.

Turning to *Olano's* third and fourth prongs, under *Molina-Martinez* and *Rosales-Mireles* the error alone will usually support granting relief.  In the unusual case when that is not so, the government can claim it would be prejudiced by applying

17

the pure-question-of-law test, in which case that test won't be applied. Furthermore, a panel can always choose not to exercise its discretion to apply the pure-question-of-law test.

In sum, in any Guidelines-error case in which a defendant qualifies for relief under the pure-question-of-law test, they will also qualify under *Olano's* test. Thus, contrary to the government's claim, in the Guidelines context the pure-question-of-law test does not operate as an exception to Rule 52(b)'s plain-error rule, it merely allows the Court discretion to do a more streamlined analysis.

## CONCLUSION

The petition should be denied.

Respectfully submitted,

Dated:   January 25, 2025

*/s/ Todd W. Burns*
TODD W. BURNS
Burns & Cohan, Attorneys at Law
501 West Broadway, Suite 1510
San Diego, California  92101
Telephone:  (619) 236-0244

Attorneys for Jesus Gomez

18

**FORM 11. CERTIFICATE OF COMPLIANCE FOR PETITIONS FOR REHEARING OR ANSWERS FOR NINTH CIRCUIT CASE NUMBER 23-435**

I certify that: (check appropriate options(s):

I am the attorney and certify that pursuant to Circuit Rule 35-4 or 40-1, the

attached response in opposition to the petition for rehearing en banc is:

[ X ]   Prepared in a format, typeface, and type style that complies with Fed. R. App.

P. 32(a)(4)-(6) and contains the following number of words:  4,199  .

*(Petitions and answers must not exceed 4,200 words)*


Date:   January 25, 2025           s/ Todd W. Burns
                                   Todd W. Burns

19